230

Flavio Silverio PEREZ; Gloria Maria Lopez; Miguel Perez–Lopez, Petitioners,

v.

IMMIGRATION AND NATURALIZATION SERVICE, Respondent.

No. 02–70485.

INS Nos. A70–935–598, A70–935–600, A74–150–845.

United States Court of Appeals, Ninth Circuit.

Submitted March 10, 2003.*

Decided March 20, 2003.

Before CANBY, O'SCANNLAIN, and T.G. NELSON, Circuit Judges.

MEMORANDUM **

Flavio Silverio Perez, his common law wife Gloria Maria Lopez, and their son Miguel Perez–Lopez, natives and citizens of Peru, petition for review of the Board of Immigration Appeals' ("BIA") decision dismissing their appeal from an immigration judge's ("IJ") denial of their applications for asylum and withholding of deportation. Because the transitional rules apply, *see Kalaw v. INS*, 133 F.3d 1147, 1150 (9th Cir.1997), we have jurisdiction pursuant to 8 U.S.C. § 1105a(a). We review for substantial evidence the IJ's determination that an applicant has not established eligibility for asylum, and must uphold the IJ's decision unless the evidence compels a contrary result. *Sangha v. INS*, 103 F.3d 1482, 1487 (9th Cir.1997). We deny the petition.

Perez presented evidence that Sendero Luminoso guerillas targeted him and his family because he was a successful businessman and because he refused to transport a package for the guerillas. However, neither Perez nor Lopez testified that they conveyed any religious or political opinion to the guerillas, *see Alonzo v. INS*, 915 F.2d 546, 548 (9th Cir.1990), and the record does not compel the conclusion that guerillas imputed any such opinion to them, *see Sangha*, 103 F.3d. at 1488–89. Accordingly, substantial evidence supports the IJ's conclusion that petitioners failed to demonstrate that guerillas persecuted them for any reason other than economic extortion or forced collaboration, which is insufficient to establish eligibility for asylum. *See id.* at 1486–87; *cf. Borja v. INS*, 175 F.3d 732, 736 (9th Cir.1999) (en banc).

Substantial evidence also supports the IJ's conclusion that petitioners failed to establish an objectively well-founded fear of persecution on account of an enumerated ground. *See Ghaly v. INS*, 58 F.3d 1425, 1431 (9th Cir.1995).

Because petitioners failed to establish eligibility for asylum, they necessarily failed to meet the more stringent standard for withholding of deportation. *See id.* at 1429.

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously finds this case suitable for decision without oral argument, and denies Petitioners' request for oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.